T.C. Memo. 2002-93

UNITED STATES TAX COURT

DEBRA L. CHASE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7206-01L.                    Filed April 8, 2002.

Debra L. Chase, pro se.

<u>Sheara L. Gelman</u>, for respondent.

MEMORANDUM OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This matter is before

the Court on the parties cross-motions for summary judgment

pursuant to Rule 121(a).[1]

---

[1] Rule references are to the Tax Court Rules of Practice
and Procedure.  Unless otherwise indicated, section references

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

We are satisfied that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law.  As explained in detail below, we shall grant respondent's motion for summary judgment and deny petitioner's motion for summary judgment.

are to sections of the Internal Revenue Code, as amended.

Background

Petitioner failed to file tax returns for 1995 and 1996. On March 12, 1999, respondent issued notices of deficiency to petitioner determining deficiencies in and additions to her Federal income taxes for 1995 and 1996. Respondent determined that petitioner failed to report wage income during the years in question based upon information provided to respondent by third-party payors.

On July 5, 2000, respondent mailed to petitioner a Final Notice of Intent to Levy and Notice of Your Right to a Hearing. On July 31, 2000, petitioner filed with respondent a Request for a Collection Due Process Hearing that included a request that respondent provide petitioner with a summary record of assessment, and any documents showing that petitioner is liable for a specific tax.

On September 18, 2000, Appeals Officer Gerald D. Sackett wrote a letter to petitioner enclosing transcripts of her accounts to demonstrate that tax assessments had been entered against her for 1995 and 1996. Petitioner's case was subsequently transferred to Appeals Officer Nancy D. Johnson. Appeals Officer Johnson concluded that it was unclear whether petitioner received the notices of deficiency dated March 12, 1999, and, therefore, informed petitioner that she would be

permitted to offer documentation to the Appeals Office challenging the amount of the wage income attributed to her in the notices of deficiency.

In early February 2001, Appeals Officer Johnson conducted an administrative hearing in petitioner's case. By letter to petitioner dated February 22, 2001, Appeals Officer Johnson provided petitioner with "certificates of official record", i.e., Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, dated February 2, 2001, and informed petitioner that she should immediately submit any additional information regarding her case. Petitioner did not provide the Appeals Office with any additional information.

The Forms 4340 show that, on August 9, 1999, respondent entered assessments against petitioner for taxes and additions to taxes set forth in the notices of deficiency for 1995 and 1996, and statutory interest and penalties for failure to pay the taxes. In addition, on August 9, September 13, and October 18, 1999, respondent issued to petitioner Notices of Balance Due for 1995 and 1996.

On April 26, 2001, the Appeals Office issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 stating that respondent would proceed with collection against petitioner for 1995 and 1996. The notice

of determination stated in pertinent part that the Secretary had complied with all applicable laws and administrative procedures in the examination, assessment, and collection actions taken in the matter, the Appeals officer assigned to the matter had no prior involvement with respect to petitioner's tax liabilities, and the Appeals Office would not consider petitioner's challenge to the existence of her tax liabilities because her arguments were based on political, constitutional, conscientious, or similar grounds.

Petitioner filed with the Court a Petition for Lien or Levy Action Under Code Section 6320(c) or 6330(d) seeking review of respondent's notice of determination.[2]  Petitioner subsequently filed an amended petition that included allegations that respondent failed to obtain verification from the Secretary that the requirements of any applicable law or administrative procedure were met as required under section 6330(c)(1) and respondent failed to consider whether petitioner is liable for Federal income taxes.

After respondent filed an answer to the amended petition, petitioner filed a motion for summary judgment asserting that there is no dispute as to a material fact and petitioner is

---

[2]  At the time the petition was filed, petitioner was residing in Allen, Tex.

entitled to judgment as a matter of law.  Petitioner maintains that respondent's notice of determination is arbitrary and capricious and that the Appeals officer failed to consider properly petitioner's assertion that she did not receive income from a taxable source during 1995 and 1996.

Respondent filed an objection to petitioner's motion. Respondent also filed a motion for summary judgment.  Respondent contends that petitioner failed to raise any valid claims with respect to the existence or amount of her tax liabilities for 1995 and 1996.  Respondent further asserts that the Appeals officer properly verified that the requirements of all applicable laws and administrative procedures were met with regard to the assessment and collection actions taken in this case.  Petitioner filed an objection to respondent's motion.

This matter was called for hearing at the Court's motions session held in Washington, D.C.  Counsel for respondent appeared at the hearing and presented argument in support of respondent's motion.  No appearance was made by or on behalf of petitioner at the hearing, nor did petitioner file with the Court a written statement pursuant to Rule 50(c).

Discussion

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after

notice and demand for payment, the Secretary is authorized to collect such tax by levy upon the person's property. Section 6331(d) provides that, at least 30 days before enforcing collection by way of a levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Sections 6320 and 6330 generally provide that the Commissioner cannot proceed with collection by way of a lien or levy action until the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing), and, if dissatisfied, the person has an opportunity for judicial review of the administrative determination. See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c) prescribes the matters a person may raise at an Appeals Office hearing. In sum, section 6330(c) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office

hearing only if the person did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute the tax liability.  See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra.  Section 6330(d) provides for judicial review of the administrative determination in either the Tax Court or Federal District Court.

Petitioner challenges the existence of the asserted tax liabilities for 1995 and 1996 on the grounds that she did not receive income from a taxable source and respondent failed to demonstrate that she is liable for Federal income taxes.  Although respondent determined that the income in question is attributable to taxable wages, petitioner never identified the alleged nontaxable source of the income, nor did she expressly deny receiving the wages in question.  The record shows that Appeals Officer Johnson gave petitioner every opportunity to produce documentation in support of her position.

Petitioner's arguments that she is not subject to Federal income taxes and that she did not earn taxable income during 1995 and 1996 are frivolous and groundless.  Goza v. Commissioner, supra.  As the Court of Appeals for the Fifth Circuit has remarked:  "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so

might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

Petitioner next contends that the Appeals officer failed to obtain verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required under section 6330(c)(1). We reject petitioner's argument inasmuch as the record shows that the Appeals officer obtained, reviewed and provided petitioner with copies of Forms 4340 with regard to petitioner's account for 1995 and 1996.

Federal tax assessments are formally recorded on a record of assessment. Sec. 6203. The summary record of assessment, through supporting records, must "provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." Sec. 301.6203-1, Proced. & Admin. Regs. We have held that Forms 4340 are presumptive evidence on which an Appeals officer may rely to verify that an assessment was made against a person for purposes of sections 6320 and 6330. Davis v. Commissioner, 115 T.C. 35, 40-41 (2000); see Nestor v. Commissioner, 118 T.C. 162, 166-167 (2002).

Petitioner has not demonstrated any irregularity in the assessment procedure that would raise a question about the validity of the assessments or the information contained in the

Forms 4340. <u>Davis v. Commissioner</u>, <u>supra</u> at 41. Accordingly, we hold that the Appeals officer satisfied the verification requirement of section 6330(c)(1). Cf. <u>Nicklaus v. Commissioner</u>, 117 T.C. 117, 120-121 (2001).

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded. Rule 331(b)(4). In the absence of a valid issue for review, and there being no dispute as to a material fact, it follows that respondent is entitled to judgment as a matter of law sustaining the notice of determination dated April 26, 2001.

Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. The Court has indicated its willingness to impose such penalties in collection review cases. <u>Pierson v. Commissioner</u>, 115 T.C. 576 (2000). Although we shall not impose a penalty upon petitioner pursuant to section 6673(a)(1), we admonish petitioner that the Court will consider imposing such a penalty should she return to the Court and advance similar arguments in the future.

To reflect the foregoing,

<u>An order and decision will be entered granting respondent's motion for summary judgment and denying petitioner's motion for summary judgment</u>.